[Cite as *Bradshaw v. Ohio Dept. of Rehab. & Corr.*, 2011-Ohio-2624.]

# Court of Claims of Ohio

The Ohio Judicial Center
65 South Front Street, Third Floor
Columbus, OH 43215
614.387.9800 or 1.800.824.8263
www.cco.state.oh.us

GARVIN BRADSHAW

    Plaintiff

    v.

OHIO DEPARTMENT OF REHABILITATION AND CORRECTION

    Defendant
    Case No. 2008-07888

Judge Joseph T. Clark
Magistrate Anderson M. Renick

<u>MAGISTRATE DECISION</u>

**{¶ 1}** Pursuant to Civ.R. 53, Magistrate Anderson M. Renick was appointed to conduct all proceedings necessary for decision in this matter.

**{¶ 2}** Plaintiff brought this action alleging that employees of defendant used excessive force against him. The issues of liability and damages were bifurcated and the case proceeded to trial on the issues of liability and the civil immunity of Corrections Officers (COs) Kyle Long and Michael Bianco.

**{¶ 3}** At all times relevant, plaintiff was an inmate in the custody and control of defendant at the Southern Ohio Correctional Facility (SOCF) pursuant to R.C. 5120.16. Plaintiff testified that on June 3, 2008, Long and Bianco entered his cell and assaulted him in retaliation for a robbery that he had committed prior to his incarceration. According to plaintiff, the victim of the robbery was either a friend or a relative of SOCF staff. Plaintiff testified that Long and Bianco sprayed him with Mace, beat him for 20 minutes, and forcibly placed him in handcuffs, causing him to suffer a laceration to his

forehead and injuries to his right hand and neck. Plaintiff was escorted to the infirmary and treated by defendant's medical staff.

**{¶ 4}** As a result of the incident, a use-of-force committee conducted an investigation to determine whether Long and Bianco used excessive force in restraining plaintiff. The committee interviewed plaintiff, Long, Bianco, and eight other SOCF staff members who responded to the incident. The committee issued a report wherein it concluded that the force used against plaintiff was not excessive. (Defendant's Exhibit AA.) Larry Greene, an assistant to SOCF's warden, reviewed the committee report and concurred with its conclusion. (Defendant's Exhibit II.)

**{¶ 5}** The Ohio Administrative Code sets forth the circumstances under which force may be lawfully utilized by prison officials and employees in controlling inmates. Ohio Adm.Code 5120-9-01(C) provides, in relevant part:

**{¶ 6}** "(2) Less-than-deadly force. There are six general circumstances in which a staff member may use force against an inmate or third person. A staff member may use less-than-deadly force against an inmate in the following circumstances:

**{¶ 7}** "(a) Self-defense from physical attack or threat of physical harm;

**{¶ 8}** "(b) Defense of another from physical attack or threat of physical attack;

**{¶ 9}** "(c)When necessary to control or subdue an inmate who refuses to obey prison rules, regulations or orders;

**{¶ 10}** "(d) When necessary to stop an inmate from destroying property or engaging in a riot or other disturbance;

**{¶ 11}** "(e) Prevention of an escape or apprehension of an escapee; or

{¶ 12} "(f) Controlling or subduing an inmate in order to stop or prevent self-inflicted harm."

{¶ 13} The court has recognized that "corrections officers have a privilege to use force upon inmates under certain conditions. * * * However, such force must be used in the performance of official duties and cannot exceed the amount of force which is reasonably necessary under the circumstances. * * * Obviously, 'the use of force is a reality of prison life' and the precise degree of force required to respond to a given situation requires an exercise of discretion by the corrections officer." *Mason v. Ohio Dept. of Rehab. & Corr.* (1990), 62 Ohio Misc.2d 96, 101-102. (Internal citations omitted.)

{¶ 14} Long testified that the incident began as he prepared to escort plaintiff to the shower from "K2," the segregation block in which plaintiff's cell was located. Long explained that he had handcuffed plaintiff's hands in front of him to comply with a medical restriction which prohibited placing plaintiff's hands behind his back. Long observed plaintiff "slip" his handcuffs and, during the struggle that ensued when Long attempted to restrain him, both plaintiff and Long fell to the floor. According to Long, plaintiff resisted being placed in handcuffs by "punching and elbowing" and, soon after Bianco arrived to assist him, Long saw Bianco fall to the floor.

{¶ 15} Bianco testified that on the day of the incident he was assigned to K2 when he received notice that COs needed assistance. Bianco responded to plaintiff's cell where he observed Long attempting to subdue plaintiff. According to Bianco, plaintiff refused his order to stop resisting, whereupon Bianco applied a "short blast" of Chemical Mace to obtain compliance. Bianco testified that he grabbed plaintiff's right hand to restrain him and that plaintiff continued to resist, causing Bianco to fall and break a bone in his right hand. Bianco related that he did not attempt to harm plaintiff and that he used only the amount of force that was necessary to restrain plaintiff. Plaintiff was subsequently handcuffed and escorted to the infirmary by other COs who responded to the call for assistance.

**{¶ 16}** Based upon the foregoing, the court finds that Long and Bianco were more credible than plaintiff. Specifically, plaintiff's testimony as to whether he had slipped free from his handcuffs conflicts with a statement he made to SOCF's Rules Infraction Board (Defendant's Exhibit FF), and plaintiff's assertion that the alleged assault continued for 20 minutes is not consistent with the evidence presented at trial. The court concludes that Long and Bianco used appropriate force at all times during the confrontation inasmuch as they were protecting themselves while attempting both to subdue plaintiff and to obtain his compliance. Accordingly, judgment is recommended in favor of defendant.

**{¶ 17}** Finally, in light of the above findings, the court concludes that the actions of COs Long and Bianco were neither outside the scope of their employment nor were they taken with malicious purpose, in bad faith, or in a wanton or reckless manner. Thus, COs Long and Bianco are entitled to civil immunity pursuant to R.C. 9.86 and 2743.02(F) and the courts of common pleas do not have jurisdiction over civil actions against these individuals based upon the allegations in this case.

*A party may file written objections to the magistrate's decision within 14 days of the filing of the decision, whether or not the court has adopted the decision during that 14-day period as permitted by Civ.R. 53(D)(4)(e)(i). If any party timely files objections, any other party may also file objections not later than ten days after the first objections are filed. A party shall not assign as error on appeal the court's adoption of any factual finding or legal conclusion, whether or not specifically designated as a finding of fact or conclusion of law under Civ.R. 53(D)(3)(a)(ii), unless the party timely and specifically objects to that factual finding or legal conclusion within 14 days of the filing of the decision, as required by Civ.R. 53(D)(3)(b).*

_____
ANDERSON M. RENICK
Magistrate

cc:

Jennifer A. Adair
Assistant Attorney General
150 East Gay Street, 18th Floor
Columbus, Ohio 43215-3130

Garvin Bradshaw, #467-001
Southern Ohio Correctional Facility
P.O. Box 45699
Lucasville, Ohio 45699

AMR/cmd
Filed May 18, 2011
To S.C. reporter May 26, 2011